# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **BRUCE S. HALLIDAY,** <br><br> Plaintiff, <br><br> v. <br><br> **GREAT LAKES INSURANCE SE, ET AL.,** <br><br> Defendants. <br> _____ | 3:18-cv-00072 |

**TO:** Neil D. Goldman, Esq.
      Alex M. Moskowitz, Esq.

## ORDER

Before the Court is Plaintiff's Revised Proposed Second Amended Complaint (hereinafter, "Second Amended Complaint" or "SAC"), which the Court construes to be "Plaintiff's Motion for Leave to File Second Amended Complaint" [ECF No. 41].[1]

WHEREFORE, it is now hereby **ORDERED** that the parties shall file supplemental briefs regarding the following issues:

1) What effect does *Benjamin v. Thomas Howell Grp.*, Civ. No. 96-cv-00071, 2002 WL 31573004 (D.V.I. Apr. 22, 2002), *aff'd sub nom., Benjamin v. Gen. Accident Ins. Co.*

---

[1] The operative docket entry upon which Plaintiff seeks relief is stylized as "Notice of Filing Revised Proposed Second Amended Complaint by Bruce S. Halliday re [ECF] 40 Order on Motion to Amend Complaint." Although there is no accompanying motion, Plaintiff—in his Reply Brief—supplied the Court with proposed orders regarding both the Motion to Dismiss and what he refers to as a "Motion for Leave to Amend" [ECF Nos. 46-1, 46-2]. On page one of Plaintiff's SAC, he references the fact that this filing is in response to Judge Miller's denial without prejudice of his Motion to Amend Complaint. Further, in a footnote in his Reply Brief, Plaintiff wrote "To the extent necessary, by this Reply, [Plaintiff] renews his Motion for Leave to Amend the Complaint by the Revised Proposed Second Amended Complaint." [ECF No. 46 at 4 n.2]. Though the Court would prefer that future filings be properly stylized so that all parties—and the Court—can operate on common terms, the Court is on sufficient notice as to the relief sought by Plaintiff and will just relabel his filings rather than have the parties re-submit all of their papers with new captions.

*of Puerto Rico*, 90 Fed. Appx. 434 (3d Cir. 2004) have on the outcome of Plaintiff's negligence and third-party beneficiary claims against Wager?

2) Under Virgin Islands law, are ordinary negligence and gross negligence separate causes of action? If so, could a claimant state a claim for gross negligence without doing so for ordinary negligence, based on the same set of facts?

The parties' briefs regarding these issues shall be no longer than 10 pages each and must be submitted **on or before July 24, 2019**.

ENTER:

Dated: July 15, 2019　　　　　　　　　　/s/ George W. Cannon, Jr.
　　　　　　　　　　　　　　　　　　　GEORGE W. CANNON, JR.
　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE